UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JERRY JAMES KIRK,

Petitioner,

v.

LOU STENDER, Warden,

Respondent.

Civil File No. 00-2387 (DWF/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED WITH PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On June 12, 1998, Petitioner was convicted on two counts of criminal sexual conduct. He was sentenced to 110 months in state prison, and he is currently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (1), ¶s 2-4.)

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

NOV 01 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner appealed his convictions to the Minnesota Court of Appeals, claiming that the victim's out-of-court statements to various witnesses should not have been admitted into evidence at trial. The Court of Appeals rejected Petitioner's arguments and affirmed his convictions on August 24, 1999. Kirk v. State, No. C5-98-1941 (Minn.App. 1999), 1999 WL 639211 (unpublished opinion). Petitioner did not ask the Minnesota Supreme Court to review the Court of Appeals' decision, and, according to his petition, he has never pursued any state post-conviction remedies. (Petition, p. (3), ¶ 10.)

Petitioner filed his current petition seeking federal habeas corpus relief on October 25, 2000. The petition sets forth a single ground for relief, which is that "the trial court erred in admitting the victim's prior inconsistent unsworn statements over the hearsay objection of defense counsel and in violation of the confrontation clause." (Petition, p. (5), ¶ 12.A.) However, the petition suffers from three serious flaws, each of which, by itself, forecloses Petitioner's bid for habeas corpus relief.

## II. DISCUSSION

### A. Procedural Default.

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v.

Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 119 S.Ct. at 1732 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. State prisoners who have the right to seek discretionary review in the state's supreme court must exercise that right, and seek such review, in order to satisfy the exhaustion of state remedies requirement. Id. at 1733.

In this case, Petitioner did not satisfy the exhaustion of state court remedies requirement, because he never asked the State's highest Court – namely the Minnesota Supreme Court – to review his federal constitutional claims. See Minn.R.App.P. 117 (setting forth the procedures for seeking review in the Minnesota Supreme Court). Furthermore, it is now too late for Petitioner to ask the State Supreme Court to review his constitutional claims. Minnesota's procedural rules require that a petition seeking review of a Court of Appeals' decision must be filed in the Minnesota Supreme Court within thirty days after the Court of Appeals' decision is filed. Minn.R.App.P. 117, subd. 1. In Petitioner's case, the Court of Appeals' decision is dated August 24, 1999, which means that his petition for further review should have been filed in the Minnesota Supreme Court

by no later than September 23, 1999 -- i.e., well over a year ago. Thus, Petitioner is now procedurally barred from seeking further review in the Minnesota Supreme Court.[2]

When a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997); Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994); Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992); O'Sullivan, 119 S.Ct. at 1734 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750. As summarized by the Supreme Court in Coleman:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule,

---

[2] It also should be noted that at this late date, Petitioner could not attempt to bring his constitutional claims back to the Minnesota Supreme Court through post-conviction proceedings, (see Minn.Stat. § 590.01 et seq.), because Minnesota prisoners cannot seek post-conviction relief for claims that could have been raised on direct appeal, but were not. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).

> federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995).[3]

In this case, Petitioner has made no effort to satisfy either the cause and prejudice requirement or the actual innocence requirement, and the Court can find no reason to believe he could do so. The instant petition must therefore be summarily dismissed on the grounds of procedural default.

---

[3] "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of actual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

B. Statute of Limitations

Even if Petitioner's procedural default could be overcome, the instant petition still would have to be summarily dismissed, because it is time-barred under 28 U.S.C. § 2244(d). Section 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. The statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

There is nothing in Petitioner's submissions which would suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable here. In other words, there is no indication that Petitioner's claims are based on any new evidence that could not have been discovered earlier or any newly-recognized constitutional right; nor is there any indication

that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction became final on direct appeal when the deadline for seeking further review in the Minnesota Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). The State Court of Appeals decided Petitioner's case on August 24, 1999, and Petitioner had thirty days thereafter in which to seek further review. Minn. R. App. P. 117,subd. 1. Because Petitioner did not ask the State Supreme Court to review the dismissal of his direct appeal, that appeal became final for purposes of § 2244(d)(1)(A), and the statute of limitations began to run in this case, on September 23, 1999.[4] Thus, the statute of limitations expired in this case on September 23, 2000. The instant petition was not filed, however, until October 25, 2000 -- more than a month after the statute had expired.[5] Therefore, this action is time-barred.

---

[4] In Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), our Court of Appeals held that state criminal convictions do not become final for statute of limitations purposes until the expiration of the deadline for seeking certiorari review in the U.S. Supreme Court. That rule is inapplicable here however, because Petitioner forfeited the opportunity to seek certiorari review in the U.S. Supreme Court by not first seeking review on direct appeal in the Minnesota Supreme Court. See Sup.Ct.R. 13.1 (providing that the time period for seeking certiorari review runs from the final ruling by the "state court of last resort").

[5] Petitioner is not entitled to the benefit of "the prisoner mailbox rule," (see Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) ("a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court")), because his petition was filed by an attorney – not pro se.

C. No Valid Sixth Amendment Claim

Finally, even if Petitioner's current claim for relief could properly be entertained on the merits, (i.e., even if his claim was not procedurally defaulted and was not time-barred), he still could not be granted habeas corpus relief, because his claim is clearly futile.

Petitioner contends that the trial court violated his constitutional rights by allowing various witnesses to testify about out-of-court statements made by the victim. The victim, Petitioner's daughter, had told several people that she had been sexually assaulted by Petitioner. Although the victim later recanted her accusations, the people who had heard the accusations were allowed to testify about what the victim had told them. Petitioner claims that the admission of the victim's out-of-court accusations violated his rights under the Sixth Amendment's confrontation clause.

As a general rule, however, "'the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.'" Ramsey v. Bowersox, 149 F.3d 749, 755 (8th Cir. 1998), cert. denied, 525 U.S. 1166 (1999), quoting California v. Green, 399 U.S. 149, 158 (1970). This rule is fully applicable in child sex abuse cases, such as this one. United States v. Spotted War Bonnet, 933 F.2d 1471, 1472 (8th Cir. 1991) ("[t]he [Confrontation] Clause is satisfied when hearsay declarants, here the alleged child victims, actually appear in court and testify in person"), cert. denied, 502 U.S. 1101 (1992). See also, U.S. v. Grooms, 978 F.2d 425, 428 (8th Cir. 1992) (out-of-court statements by nine-year old sex abuse victims did not violate defendant's Sixth Amendment rights where victims testified and were subject to cross-examination at trial); Dolny v. Erickson, 32 F.3d

381, 386 (8th Cir. 1994) (hearsay statement by victim-declarant did not violate habeas petitioner's Sixth Amendment rights where declarant was cross-examined at trial "on several subjects potentially bearing on the child's credibility as well potential theories of exculpation"), cert. denied, 513 U.S. 1111 (1995).

In Johnson v. Lockhart, 71 F.3d 319 (8th Cir. 1995), the Court of Appeals summarized the applicable rule as follows:

> "[O]ur cases make clear that when the out-of-court declarant testifies at trial, the only Confrontation Clause issue which remains is whether the declarant could be effectively examined about the out-of court statements. It is only when the declarant is too young or too frightened when he does appear in court to be meaningfully examined about the out-of-court statements attributed to him that the Confrontation Clause remains unsatisfied, and the analysis then turns to whether the admitted statements bear sufficient indicia of reliability to withstand Confrontation Clause scrutiny."

Id. at 321; see also U.S. v NB, 59 F.3d 771, 774-75 (8th Cir. 1995) (cross-examination of child abuse victims was "effective" for Sixth Amendment purposes where, despite some confusion, eight-year old witnesses were able to answer questions posed by the court and defense counsel, and provide testimony regarding the timing of alleged abuse, the persons to whom the abuse was reported, and other pertinent matters).

In the instant case, the victim-declarant did testify at Petitioner's trial, and she "was available for cross-examination." Kirk, 1999 WL 639211 (final paragraph). Petitioner has not suggested that his attorney was unable to conduct an effective cross-examination of the victim. Therefore, under the case law cited above, Petitioner has no actionable Sixth Amendment claim.

## III. CONCLUSION

In sum, the Court concludes that (a) the claim Petitioner seeks to raise here has been procedurally defaulted, because it was never fairly presented to the Minnesota Supreme Court, and it is now too late to do so, (b) the instant petition is time-barred under 28 U.S.C. § 2244(d), and (c) even if Petitioner's claim could properly be addressed on the merits, he would not be entitled to habeas corpus relief because he has no viable Sixth Amendment claim. It will therefore be recommended that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases.

Lastly, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

(2) Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

DATED: Oct. 31, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Nov. 20, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.